Shane Colton
Jacob R. Schwaller
EDMISTON & COLTON LAW FIRM
310 Grand Avenue
Billings, MT  59101
Telephone: (406) 259-9986
Facsimile: (406) 259-1094
E-Mail: scolton@yellowstonelaw.com
          jake@yellowstonelaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| DAVID JON BROWN<br><br>Plaintiff,<br><br>vs.<br><br>SIGNAL PEAK ENERGY, LLC, and John Does I-II<br><br>Defendants. | Case No. CV 20-180-BLG-SPW<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |
|---|---|

For his complaint, Plaintiff DAVID JON BROWN (hereinafter "Plaintiff") by and through his counsel, alleges and states:

**PARTIES**

1. At all times relevant to this complaint, Plaintiff was a citizen of Montana and resident of Billings, Yellowstone County, Montana.

2. Defendant SIGNAL PEAK ENERGY, LLC (hereinafter "Signal Peak Energy") is, and at all times pertinent hereto was, a Delaware foreign limited liability company, registered to do business in the State of Montana, with a mining operation in Musselshell County, Montana.

3. John Does I-II are either akas or aliases of Signal Peak Energy or are any other entities known or unknown involved with the incident or who may be jointly or severally liable for Plaintiff's damages.

4. Jurisdiction and venue are appropriate in this Court as there is a diversity in the parties and the amount in controversy is in excess of $75,000.00.

## FACTS COMMON TO ALL COUNTS

5. On or about September 16, 2019, a supervisor named Justin Cowger at Signal Peak Energy injured his ankle while working underground at the Signal Peak Mine near Roundup, Montana.

6. Plaintiff gave Justin Cowger a ride home after the incident.

7. The day after the incident, Plaintiff's direct superior, Dale Musgrave, informed Plaintiff that he was not allowed to talk about Justin Cowger breaking his ankle. Musgrave instructed Plaintiff to lie and say that Cowger rolled his razor at his home and did not sustain any injury while working at the mine.

8. Plaintiff had already spoken with other members of the crew and informed them not to speak of the incident for publicity reasons while the safety

investigation was pending. At the time he spoke to them, he did not have any supervisory authority over them.

9. On or about December 19, 2019, Dale Musgrave was arrested on federal cocaine distribution charges.

10. In December of 2019, Plaintiff was moved by management into the position of interim vice president of underground operations.

11. In March of 2020, Parker Phipps was hired as vice president of underground operations.

12. Parker Phipps then terminated Plaintiff's employment, citing the reasons for Plaintiff's termination as detrimental actions for a senior management position at Signal Peak Energy. No further explanation was given.

13. Signal Peak Energy did not notify Plaintiff within seven (7) days of his termination of the existence of any procedures to appeal his discharge.

## COUNT I: WRONGFUL DISCHARGE

14. Plaintiff incorporates all preceding paragraphs.

15. Plaintiff was employed by Signal Peak Energy in August of 2010.

16. At all times during his almost ten-year employment with Signal Peak, Plaintiff fulfilled his job duties in a competent, faithful, and diligent manner.

17. Signal Peak Energy's termination of Plaintiff was involuntary on Plaintiff's part and Plaintiff was an employee in good standing as of March 27, 2020.

18. Plaintiff had far surpassed any probationary period as an employee with Signal Peak Energy.

19. Signal Peak Energy's discharge of Plaintiff was in violation of the express provisions of Signal Peak Energy's own written policies and procedures, and the discharge was wrongful under Mont. Code Ann. § 39-2-904(1)(c).

20. Signal Peak Energy's discharge of Plaintiff was not for good cause, and the discharge was wrongful under Mont. Code Ann. § 39-2-904(1)(b).

21. As a result of Signal Peak Energy's wrongful discharge of Plaintiff, he is entitled to damages and remedies set forth in Mont. Code Ann. § 39-2-905.

## COUNT II: ACTUAL FRAUD

22. Plaintiff incorporates all preceding paragraphs.

23. On information and belief, Signal Peak Energy did not inform Plaintiff of any remedies or procedure for appeal within seven (7) days of his discharge.

24. Plaintiff had a right to rely on the representations of Signal Peak Energy regarding options to appeal his discharge and he was deprived of that right.

25. In failing to inform Plaintiff of this procedure, Signal Peak Energy deliberately proceeded to conceal a material fact with the purpose of depriving Plaintiff of his legal rights.

26. Signal Peak Energy violated of Mont Code Ann. §27-1-221(3)(b) and Plaintiff is entitled to punitive damages under Mont. Code Ann. §39-2-905(2).

## COUNT III – ACTUAL MALICE

27. Plaintiff incorporates all preceding paragraphs.

28. On information and belief, Signal Peak Energy acted with actual malice by terminating Plaintiff's employment based upon the behavior of another employee.

29. Signal Peak Energy acted with indifference to the high probability of economic injuries to Plaintiff when it terminated Plaintiff's employment.

30. Signal Peak Energy violated Mont. Code Ann. §27-1-221(2)(b) and Plaintiff is entitled to punitive damages under Mont. Code Ann. §39-2-905(2).

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays judgment against Signal Peak Energy for:

1. Damages for wrongful discharge from employment as provided under Mont. Code Ann. § 39-2-905(1);

2. Punitive damages for actual fraud as provided under Mont. Code Ann. §27-1-221(3)(b) and §39-2-905(2);

3. Punitive damages for actual malice as provided under Mont. Code Ann. §27-1-221(2)(b) and §39-2-905(2)

4. Damages in an amount determined at trail sufficient to fully compensate him for all damages and losses in an amount to be determined by the jury;

5. Recovery of reasonable attorney's fees and expenses; and

6. Cost of suit and of all other relieve the Court may deem just and proper under the circumstance.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all the issues in this action.

DATED this day 14th of December, 2020.

                                By:    /s/ Jacob R. Schwaller
                                           Shane Colton
                                           Jacob R. Schwaller
                                           EDMISTON & COLTON LAW FIRM

                                           Attorneys for Plaintiff